```
                                        ┌─────────────────────────┐
                                        │ USDS SDNY               │
                                        │ DOCUMENT                │
                                        │ ELECTRONICALLY FILED    │
UNITED STATES DISTRICT COURT            │ DOC #: _____  │
SOUTHERN DISTRICT OF NEW YORK           │ DATE FILED:  9/2/08     │
------------------------------------X   └─────────────────────────┘
DLJ MORTGAGE CAPITAL, INC.,
                                        07 Civ. 2791 (CM)(DFE)
                    Plaintiff,          This is an ECF case

          - against -                   REPORT AND RECOMMENDATION
                                        TO JUDGE McMAHON
RIGHT-AWAY MORTGAGE, INC.,

                    Defendant.
------------------------------------X
```

DOUGLAS F. EATON, United States Magistrate Judge.

By order dated July 26, 2007, Judge McMahon entered a default judgment against the defendant. She referred the case to me to conduct an inquest into damages, and to write a Report and Recommendation as to the amount of any damages, interest, costs and disbursements (including any claim for reasonable attorney's fees). On September 5, 2007, I issued a Scheduling Order setting forth deadlines for the plaintiff to send me an inquest memorandum and for the defendant to send me opposition papers.

On October 19, 2007, plaintiff served defendant and me with copies of an inquest memorandum, an affidavit of Bruce S. Kaiserman and a declaration of Joshua C. Klein. My Scheduling Order required defendant to send me any opposing papers no later than November 19, 2007. To date, the defendant has not filed any opposition papers.

On July 9, 2008, at my request, plaintiff served defendant and me with a copy of a supplemental declaration of Mr. Klein to clarify and update plaintiff's claims for interest.

## BACKGROUND

Upon the entry of a default judgment, the Court accepts as true all of the facts alleged in the complaint, except those relating to the amount of damages. *See Au Bon Pain Corp. v. Artect Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). An inquest is then conducted to determine the amount of damages. Since neither side requested a hearing, I proceed on the basis of the Amended Complaint ("Compl.") and plaintiff's inquest papers.

Plaintiff brought this diversity action to recover damages for the defendant's breach of contract. (Compl. ¶ 1) Plaintiff

9/2/08 Report adopted as the Court's opinion. Clerk to enter judgment in favor of plaintiff in the amounts indicated and close the file. [signature]
USDJ

is a Delaware corporation with its principal place of business in New York. (Id.) Defendant is a Texas corporation with its principal place of business in California. (Id.) In 2005, defendant applied to become an approved lender with plaintiff's parent corporation, Credit Suisse First Boston LLC. (Kaiserman Aff. ¶ 5) As a result of that application, the parties entered into a Seller's Purchase, Warranties and Interim Servicing Agreement (the "Purchase Agreement," Exh. A to the Compl.)

In the Purchase Agreement, defendant agreed to originate and sell mortgage loans to plaintiff. (Compl. ¶¶ 5-6) Defendant was obligated to repurchase from plaintiff any mortgage which is "thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due to [plaintiff] on the related Mortgage Loan immediately following the applicable Closing Date." (Compl. ¶ 7) The defendant agreed to repurchase the mortgages at a stipulated Repurchase Price. (Compl. ¶ 8)

On March 26, 2006, the defendant sold plaintiff two mortgage loans that had been issued to Beatriz Carbajal. (Compl. ¶ 10) The principal amount of the first loan was $328,000.00; the principal amount of the second loan was $82,000.00. (Compl. ¶ 12) In April and May 2006, Carbajal did not make the required monthly payments and became delinquent on the loans. (Compl. ¶ 12) On June 29 and July 26, 2006, plaintiff demanded that defendant repurchase the loans under § 3.05 of the Purchase Agreement; defendant failed to do so. (Compl. ¶¶ 16-17)

Section 8.01 of the Purchase Agreement stated:

> . . . The Seller agrees to indemnify the Purchaser and hold it harmless against any and all claims, losses, damages, penalties, fines, forfeitures, legal fees and related costs, judgments, and any other costs, fees and expenses that the Purchaser may sustain in any way related to the failure of the Seller to observe and perform its duties, obligations, and covenants in strict compliance with the terms of this Agreement . . . . The provisions of this Section 8.01 shall survive termination of this Agreement and transfer of the servicing rights.

(Compl. Exh. A, ¶ 8.01.)

## DISCUSSION

Our Court has personal jurisdiction over the defendant for the reasons set forth in the Inquest Memorandum at ¶¶ 19-30,

-2-

including the fact that defendant had an on-going contractual
relationship with the New York-based plaintiff for approximately
two years, during which defendant sold loans to plaintiff worth
millions of dollars. (Kaiserman Aff. ¶ 10)

New York law governs this diversity case because § 12.04 of
the Purchase Agreement states: "This Agreement shall be governed
by and construed in accordance with the laws of the State of New
York, without regard to its conflict of law provisions, except to
the extent preempted by Federal Law. The obligations, rights and
remedies of the parties hereunder shall be determined in
accordance with such laws."

I am annexing to this Report a copy of Exhibit D to Mr.
Kaiserman's Affidavit. (The copy cuts off the last column, but
that is immaterial.) It sets forth a calculation of the amounts
owed to the plaintiff as of October 15, 2007, pursuant to the
terms of the Purchase Agreement. I hereby summarize Exhibit D as
follows:

```
DLJMC Loan # 407298080
Name - Carbajal
Settlement Date - 3/20/06
A. Balance [of Principal] - $328,000.00
Next Due Date - 05/01/06
Note Rate - 7.9900%
Daily Interest - $72.80
Days Interest to [10/15/07] - 554
B. Total Interest - $40,329.97
Contractual Repurchase Price - 101.00% [of Principal]
C. Recapture of Premium - $3,280.00
TOTAL DUE (A + B + C) - $371,609.97

DLJMC Loan # 407298081
Name - Carbajal
Settlement Date - 3/20/06
A. Balance [of Principal] - $82,000.00
Next Due Date - 04/01/06
Note Rate - 11.0000%
Daily Interest - $25.06
Days Interest to [10/15/07] - 584
B. Total Interest - $14,632.44
Contractual Repurchase Price - 101.00% [of Principal]
C. Recapture of Premium - $820.00
TOTAL DUE (A + B + C) - $97,452.44

TOTAL DUE ON BOTH LOANS: $469,062.41
```

-3-

I accept those calculations. However, plaintiff is also seeking 9% per annum interest for the entire period of the breach. At ¶ 32 of the Inquest Memorandum, plaintiff states:

> Further, a party prevailing in a breach of contract action is entitled to prejudgment interest from the date that the breach occurred until the date of final judgment. See CPLR §§ 5001 and 5002; U.S. Naval Inst. v. Charter Communications, Inc., 936 F.2d 692, 698 (2d Cir. 1991). The statutory rate for such prejudgment interest is nine percent per annum. See CPLR § 5004; Chaman LAL Setia Exp., Ltd. v. Sawhney, No. 00 Civ. 2838, 2003 WL 21649652, at *4 (S.D.N.Y. May 28, 2003).

At ¶ 33 and n.4, the Inquest Memorandum seeks to have this 9% interest run from August 15, 2006 (15 business days after plaintiff demanded repurchase of the loans). I disagree. Plaintiff has already claimed all of the contractual interest through October 15, 2007. (Plaintiff's 7/9/08 supplemental declaration did not update its calculation of contractual interest, and it would be tedious for me to do so.) I see no justification for overlapping contractual interest plus statutory interest. Accordingly, I recommend that the 9% statutory interest be awarded only from October 16, 2007 to the date of judgment.

As for attorney's fees and costs, I have reviewed Mr. Klein's October 19, 2007 declaration and its Exhibit A (the bills and time descriptions from the law firm of Duval & Stachenfeld). The Declaration says that plaintiff now seeks $20,340.62 in legal fees (and $1,115 in costs). To assess whether attorneys' fees are reasonable, it is necessary to examine the backgrounds of those attorneys. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). In *Wise v. Kelly*, 2008 WL 482399, at * 5-9 (S.D.N.Y. Feb. 21, 2008), Magistrate Judge Katz cited many cases and recommended $425 per hour for a 1990 graduate of NYU Law School, and $300 per hour for a 2001 graduate of Yale Law School. In the case at bar, the law firm has billed $445 per hour for a 1984 Harvard Law School graduate, $285 per hour for a 2001 Brooklyn Law School graduate, $255 per hour for a 2004 Brooklyn Law School graduate and $125 per hour for two paralegals. I find that the rates and the hours and the costs are all reasonable.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, I recommend that Judge McMahon enter judgment against Right-Away Mortgage, Inc. in the

-4-

following amounts:

(1) $469,062.41 for plaintiff's damages from April 1, 2006 through October 15, 2007;

(2) pre-judgment interest on the above amount at the rate of 9% per annum from October 16, 2007 through the date of judgment;

(3) $20,340.62 for plaintiff's attorneys' fees; and

(4) $1,115.50 for plaintiff's costs.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, any party may object to this recommendation within 10 business days after being served with a copy (i.e., no later than August 15, 2008), by mailing written objections to the Pro Se Clerk of the U.S. District Court and mailing copies (a) to the opposing party, (b) to the Honorable Colleen McMahon, U.S.D.J., at Room 640, 500 Pearl Street, New York, NY 10007 and (c) to me at Room 1360, 500 Pearl Street, New York, NY 10007. Failure to file objections within 10 business days will preclude appellate review. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. Rules 72, 6(a), and 6(d). Any request for an extension of time must be addressed to Judge McMahon.

_____
DOUGLAS F. EATON
United States Magistrate Judge
U.S. Courthouse
500 Pearl Street, Room 1360
New York, NY 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated:   New York, New York
         July 29, 2008

Copies of this Report and Recommendation (and of Exh. D to the Kaiserman affidavit) are being mailed to:

-5-

Allan Noel Taffet, Esq.
Duval & Stachenfeld LLP
300 East 42nd Street
New York, NY 10017

Right-Away Mortgage, Inc.
10833 Valley View, S-500
Cypress, CA 90630

Hon. Colleen McMahon

DLJ Mortgage Capital, INC.
C/O Credit Suisse Securities (USA) LLC
Eleven Madison Avenue - 4th Floor
New York, NY 10010-3629

Purchaser: Right Away Mortgage Inc

Issue Date: N/A - Actual
Settlement Date: October 15, 2007

| DLJMC Loan # | Servicer Loan # | Seller Loan # | Name | Settlement Date | Lien Position | Servicer | As of Date | Balance | Next Due Date | Note Rate | Daily Interest | Days Interest To Repurchase | Total Interest | Repurchase Price | Recapture of Premium | Total Due DLJMC | Loan Status | Reason For Repurchase |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 407298080 | 9160185 | 2000022874 | Carbajal | 03/20/06 | 1 | FAIRBK | 09/30/07 | $326,000.00 | 03/01/06 | 7.9900 | $72.60 | 554 | $40,329.97 | 101.0000 | $3,280.00 | $371,609.97 | REO | 60 Days Late for May |
| 407298081 | 9160276 | 2000022875 | Carbajal | 03/20/06 | 2 | FAIRBK | 09/30/07 | $82,000.00 | 04/01/06 | 11.0000 | $25.06 | 584 | $14,632.44 | 101.0000 | $820.00 | $97,452.44 | Uncollectible Debt | 60 Days Late for Apr |

TOTAL DUE DLJ MORTGAGE CAPITAL, INC.: $469,062.41

Per Diem (for repurchase after settlement date): $97.66

In addition to the foregoing, please note that you (The Purchaser) shall be responsible to reimburse the loan servicer for outstanding corporate and escrow advances related to the loans at the time of the servicing transfer.

The Following are DLJ Mortgage Capital, Inc. wiring instructions:
Citibank NYC
ABA: 021-000-089
A/C # 30489035
A/C: DLJ Mortgage Capital, Inc.
Reference: Right-Away Mortgage Inc
Attn: Rick Hahn